# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR404-124 |
| | ) | |
| ELLIOTT ARNOLD LEWIS, | ) | |
| | ) | |

## ORDER

Elliott Arnold Lewis was convicted, after a guilty plea, of attempted bank robbery and commercial business robbery. *See* doc. 7 (Judgment). Judgement was entered against him in November of 2004. *Id.* He did not appeal. He has now filed a motion seeking copies of court records to "show that he has been placed under the Double Jeopardy Provision," presumably via a 28 U.S.C. § 2255 motion. *See* doc. 9. He has also filed a form, captioned for the Superior Court of Chatham County, to pursue his transcript request *in forma pauperis*. Doc. 10. Lewis is not entitled to any transcripts prepared at the public's expense, as explained more fully below. His request is, thus, **DENIED**. Doc. 9. His request to proceed *in forma pauperis* is, therefore, **DISMISSED** as moot. Doc. 10.

There is no entitlement to a free transcript in collateral proceedings under 28 U.S.C. § 2255. *United States v. MacCollom*, 426 U.S. 317, 326-28 (1976). Indeed, "[t]he usual grounds for successful collateral attacks upon convictions arise out of occurrences outside of the courtroom or of events in the courtroom of which the defendant was aware and can recall without the need of having his memory refreshed by reading a transcript. He may well have a need of a transcript (to support his claim) but rarely, if ever, . . . to become aware of the events or occurrences which constitute a ground for collateral attack." *Id.* (quotes omitted).

For a movant to be entitled to transcripts at the public's expense, this Court must be able to conclude that his collateral proceeding is not frivolous and that the transcript is needed to decide the issues presented. 28 U.S.C. § 753(f) (transcripts may be provided at public expense in § 2255 proceedings "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit"). The preparation and copying of the transcripts at public expense is unwarranted under § 753(f). *MacCollom*, 426 U.S. at 328. The Court is particularly skeptical that Lewis could be entitled to transcripts, given the age of his conviction. *See* 28 U.S.C. § 2255(f) (imposing a general one-year

2

statute of limitations on collateral challenges to a conviction). Transcripts and other documents are available from the Clerk of Court. The cost for reproducing any record or paper is $.50 per page, such fee to be tendered to the Clerk with any request for copies of court files directed to the Clerk of Court. Judicial Conference Schedule of Fees at ¶ 4 (effective Dec. 1, 2016).[1]

**SO ORDERED,** this 9th day of April, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Lewis is also notified that he may access many of his Court records electronically by creating a Public Access to Court Electronic Records (PACER) account. *See* https://pacer.psc.uscourts.gov/pscof/registration.jsf, *accessed April 7, 2020*. There, "[a]ccess to case information costs $0.10 per page. The cost to access a single document is capped at $3.00, the equivalent of 30 pages. The cap does not apply to name searches, reports that are not case-specific, or transcripts of federal court proceedings. By Judicial Conference policy, if usage does not exceed $15 in a quarter, fees are waived." https://pcl.uscourts.gov/pcl/index.jsf, *accessed April 7, 2020*.